1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                          )
STEVEN KALMANOVITZ,                      )
                                                          )          No. C14-1224RSL
                              Plaintiff,              )
                                                          )          ORDER REGARDING
          v.                                             )          McGRANE'S MOTION FOR
                                                          )          SUMMARY JUDGMENT
DANIEL STANDEN, *et al.*,                   )
                                                          )
                              Defendants.         )
_____)

          This matter comes before the Court on "Defendant David McGrane's Motion for

Summary Judgment." Dkt. # 27. Plaintiff alleges that he was owed back wages, benefits, and

reimbursable expenses at the time his employer, Advanced Interactive Systems, Inc. ("AIS"),

filed for Chapter 7 bankruptcy protection. He has asserted a breach of contract and a Washington

Minimum Wage Act claim against four former officers/directors of AIS seeking to recover the

principal amount of $332,108.32 plus exemplary damages, costs, fees, and interest. Defendant

David McGrane was Chief Executive Officer, President, and Chairman of the Board of Directors

of AIS from May 15, 2012, to March 3, 2013, ten days before AIS declared bankruptcy.

McGrane seeks dismissal of the claims against him.

          Summary judgment is appropriate when, viewing the facts in the light most favorable to

the nonmoving party, there is no genuine issue of material fact that would preclude the entry of

judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial

1  responsibility of informing the district court of the basis for its motion" (<u>Celotex Corp. v.</u>

2  <u>Catrett</u>, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that

3  show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving

4  party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to

5  designate "specific facts showing that there is a genuine issue for trial." <u>Celotex Corp.</u>, 477 U.S.

6  at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . .

7  and draw all reasonable inferences in that party's favor." <u>Krechman v. County of Riverside</u>, 723

8  F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the trier of fact genuine

9  issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere

10  existence of a scintilla of evidence in support of the non-moving party's position will be

11  insufficient" to avoid judgment. <u>City of Pomona v. SQM N. Am. Corp.</u>, 750 F.3d 1036, 1049

12  (9th Cir. 2014); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). Factual disputes

13  whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a

14  motion for summary judgment. <u>S. Cal. Darts Ass'n v. Zaffina</u>, 762 F.3d 921, 925 (9th Cir. 2014).

15  In other words, summary judgment should be granted where the nonmoving party fails to offer

16  evidence from which a reasonable fact finder could return a verdict in its favor.

17  <u>FreecycleSunnyvale v. Freecycle Network</u>, 626 F.3d 509, 514 (9th Cir. 2010).

18

19        Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and

20  taking the evidence in the light most favorable to the non-moving party, the Court finds as

21  follows:

22

23

24  _____

25        [1] Plaintiff's evidentiary objections are overruled. The issue in this motion is McGrane's
    wilfulness and intent: what defendant Standen or others told him about the company's financial
26  condition and decisions is relevant to McGrane's state of mind, not for the truth of the matters asserted.

ORDER REGARDING McGRANE'S
MOTION FOR SUMMARY JUDGMENT          -2-

1    Plaintiff ran AIS until he was replaced as CEO and President by McGrane on May 15,

2    2012. Plaintiff's annual salary had been $350,000 a year, but when AIS ran into financial

3    difficulties in 2009, plaintiff agreed to defer portions of his salary until AIS was stable again.[2]

4    McGrane was not involved in the negotiation or execution of any employment contract or

5    compensation agreement between AIS and plaintiff. Upon his ouster, plaintiff requested that AIS

6    pay the back wages it owed. McGrane became aware that plaintiff and a number of other

7    employees had deferred compensation claims and made efforts to get them paid: he sequestered

8    funds sufficient to cover the outstanding wages and expenses. Although the Board of Directors

9    authorized payments to the other executives, it declined to pay plaintiff because of objections

10   from the private equity firm that had invested in AIS and AIS' secured lender.

11   McGrane would have preferred to pay plaintiff along with the other executives and was

12   confident that the sequestered funds would eventually be released to plaintiff when the parties

13   reached an agreement on the amount owed. Nevertheless, he went along with and executed the

14   Board's instructions.[3] McGrane argues that he had no choice in the matter because he was bound

15   to follow the Board's instructions and AIS' secured lender would have blocked any check

16   written to plaintiff. McGrane did not, however, vote in favor of distributing funds to plaintiff or

17   attempt to make such a distribution, instead instructing the Chief Financial Officer to release the

18   sequestered funds "with the exception of amounts associated with Steve K. Dan Standen will

19   handle directly with Steve so keep his balances in tact [sic] and separate." Dkt. # 39-3 at 8.

20   McGrane resigned and AIS went into bankruptcy before the parties were able to reach an

21

22

―――――――――

23       [2] In 2010, plaintiff's salary was reduced to $250,000. After he was replaced as President and
24   CEO, plaintiff was paid $50,000 per year for his service on AIS' Board of Directors.

25       [3] Pursuant to AIS' bylaws, the President and CEO had "general charge of the management of the
     business and affairs of the corporation subject to the control of the Board of Directors, and will ensure
26   that all orders and resolutions of the Board of Directors are carried into effect . . . ." Dkt. # 28-5 at 4.

ORDER REGARDING McGRANE'S
MOTION FOR SUMMARY JUDGMENT          -3-

1   agreement on plaintiff's claim.[4]

2        McGrane seeks dismissal of plaintiff's claims on the grounds that (a) he did not have

3   control over AIS' funds or the decision to withhold payment of plaintiff's wages, (b) plaintiff

4   "knowingly submitted" to the alleged violations of the Washington Minimum Wage Act,

5   (c) plaintiff's claim is either time-barred or arose after McGrane had resigned, and (d) plaintiff

6   cannot establish damages because any payment made in early 2013 would have been unwound

7   by the bankruptcy trustee.[5] Each argument is considered below.

8        **A. Control under the Washington Minimum Wage Act ("MWA")**

9        Under Washington law, "[a]ny . . . officer, vice principal or agent of any employer . . .

10  who . . . [w]ilfully and with intent to deprive the employee of any part of his or her wages, shall

11  pay any employee a lower wage than the wage such employer is obligated to pay such employee

12  by any statute, ordinance, or contract" "shall be liable in a civil action by the aggrieved

13  employee . . . for twice the amount of the wages unlawfully . . . withheld . . . together with costs

14  of suit and a reasonable sum for attorney's fees . . . ." RCW 49.52.050 and RCW 49.52.070. The

15  legislature imposed personal liability on the officers of an employer

16          because the officers control the financial decisions of the corporation. . . . The
17          officers decide whether to pay one debt over another (i.e., wages). The officers
            have the choice to file bankruptcy or, say, close the business and pay its debts
18          (including wages). The officers decide whether to continue running an
            inadequately capitalized corporation while hoping for a change in financial
19          position. In other words, the officers control the choices over how the
20          corporation's money is used, and (in cases of unpaid wage claims) RCW

21  _____

22       [4] Plaintiff argues that McGrane participated in the decision to terminate plaintiff's employment
23  and file for bankruptcy before resigning. Dkt. # 58 at 10. The evidence cited ("Bianchi Dec., Ex. T") is
    not, however, the minutes of the March 3, 2013, Board meeting and does not support plaintiff's
24  assertion.

25       [5] To the extent plaintiff has alleged a breach of contract claim against McGrane, it fails as a
    matter of law because McGrane did not participate in the negotiation or execution of the deferred
26  compensation agreement.

ORDER REGARDING McGRANE'S
MOTION FOR SUMMARY JUDGMENT          -4-

1    49.52.070 imposes personal liability when the officers choose not to pay wages
2        owed.

3    Morgan v. Kingen, 166 Wash.2d 526, 536-37 (2009).

4        Personal liability for an employee's wages under the MWA requires a finding that the
5    defendant is an "officer, vice principal or agent" of the employer and that the wages were
6    wilfully withheld. Ellerman v. Centerpoint Prepress, Inc., 143 Wash.2nd 514, 521 (2001). In
7    order to establish a wilful withholding, plaintiff must show that the defendant directly supervised
8    or controlled the decision to pay wages. Id. at 521-22. Participation in the initial failure to pay is
9    not necessary: if defendant, upon learning of the underpayment, chose not to pay the wages
10   owed, such a choice is wilful and intentional for purposes of establishing personal liability under
11   the MWA. Morgan, 166 Wn.2d at 537; Jumamil v. Lakeside Casino, LLC, 179 Wn. App. 665,
12   685 (2014).

13       McGrane argues that he cannot be held personally liable for unpaid wages because he was
14   simply carrying out the Board's instructions, as he was compelled to do by the corporate bylaws.
15   If he were simply a messenger and not a decisionmaker, summary judgment might be
16   appropriate. McGrane was, however, the Chairman of the Board of Directors and participated in
17   the decision-making process that resulted in the payment of all deferred compensation except
18   that owed to plaintiff. McGrane made a choice, and it is at least arguable that the choice was
19   wilful and intentional.[6]

20

---

21       [6] To the extent McGrane is arguing that it would have been impossible for him to pay plaintiff
22   because AIS' secured lender would have (1) intercepted and refused to honor any check issued to
     plaintiff or (2) cut off AIS' financing going forward, neither assertion excuses the wilful and intentional
23   failure to pay wages. The MWA evinces "a strong legislative intent to assure payment to employees of
     wages they have earned." Shilling v. Radio Holdings, Inc., 136 Wn.2d 152, 159 (1998). Taking the
24   evidence in the light most favorable to plaintiff, one could conclude that McGrane made no effort to pay
     the employee, instead choosing to mollify a secured creditor to avoid jeopardizing the company's
25   financing. This is exactly the type of choice for which the legislature provided a remedy of exemplary
26   damages plus fees and costs.

ORDER REGARDING McGRANE'S
MOTION FOR SUMMARY JUDGMENT          -5-

1

**B. "Knowingly Submitted"**

2  An officer who wilfully deprives an employee of his wages is not liable in a civil action if

3  the employee has "knowingly submitted" to the deprivation. RCW 49.52.070. McGrane offers

4  no legal authority for the proposition that an agreement to defer compensation is a knowing

5  submission to a later non-payment. A person knowingly submits to the withholding of wages

6  when he or she "deliberately and intentionally deferred to [the employer] the decision of whether

7  [the wages] would ever be paid." Chelius v. Questar Microsystems, Inc., 107 Wn. App. 678, 682

8  (2001). Here, there is evidence that plaintiff agreed to defer his salary only until AIS' finances

9  stabilized, that he never waived his right to payment, that he expected to be paid his full salary

10  eventually, and that AIS was aware of the deferred compensation obligation and plaintiff's

11  expectations. In such circumstances, there is at least an issue of fact regarding whether plaintiff

12  knowingly submitted to the non-payment. Durand v. HIMC Corp., 151 Wn. App. 818, 837

13  (2009).

14

**C. Date Claim Accrued**

15  McGrane argues that plaintiff's claim accrued anew when plaintiff received less than was

16  his due in each paycheck and that all claims for wages earned prior to July 14, 2011, are barred

17  by the three-year statute of limitations.[7] The parties agreed, however, to defer payment of part of

18  plaintiff's wages for a period of time. Those amounts were not, therefore, due as they were

19  earned, and their recovery is not time-barred.

20  In the alternative, McGrane argues that plaintiff had no right to the unpaid wages until his

21  employment with AIS terminated and he received his final paycheck, citing RCW 49.48.010.

22  Plaintiff, on the other hand, argues that the unpaid wages became due and owing as soon as he

23  made a demand for payment in May 2012. The Court is unable to determine when AIS had an

24

25  _____

26  [7] McGrane's reliance on WAC 296-128-035 is misplaced. A violation of the MWA is not excused simply because the employer also violated the regulation that establishes the payment interval.

1   obligation to pay the deferred compensation based on the evidence provided. RCW 49.52.050(2)

2   prohibits employers from withholding pay that has become due under "any statute, ordinance, or

3   contract." Plaintiff's claim is based on an alleged contract, but the exact terms of the deferral

4   agreement are unclear. Plaintiff apparently negotiated the agreement with himself when he was

5   President and CEO, and there does not appear to be a written contract or policy in place.

6   Identifying the trigger for repayment is therefore difficult. In the complaint, plaintiff alleges that

7   he agreed to defer compensation "until the Company was more financially stable." Dkt. # 1 at

8   ¶ 4.4. If, as plaintiff alleged, AIS was contractually obligated to pay plaintiff when it became

9   "more financially stable," it is possible that plaintiff's claim never accrued given the state of the

10  corporation's finances from 2009 onward and its eventual bankruptcy. If, on the other hand, the

11  parties agreed that the deferred compensation would be payable upon demand, plaintiff's claim

12  accrued in 2012. These issues cannot be decided in the context of this summary judgment

13  motion.

14      **D. Damages**

15      Finally, McGrane argues that plaintiff was not damaged by the nonpayment of wages

16  because, had a disbursement been made after May 2012, the bankruptcy trustee would have

17  avoided the transfer and forced plaintiff to return the money. The Bankruptcy Code allows the

18  trustee to set aside preferential transfers to company insiders (11 U.S.C. § 547), but it does not

19  require avoidance. Nor is there any indication that the trustee invalidated the deferred

20  compensation payments that were made to other insiders in January and February 2013.

21  McGrane's argument is speculative and does not justify summary judgment on plaintiff's MWA

22  claim.

23

24

25

26

ORDER REGARDING McGRANE'S
MOTION FOR SUMMARY JUDGMENT          -7-

1

For all of the foregoing reasons, defendant McGrane's motion for summary judgment

2  (Dkt. # 27) is GRANTED in part. Plaintiff's breach of contract claim against McGrane is

3  DISMISSED. McGrane's motion for summary judgment regarding the MWA claim is DENIED.

4

5      Dated this 9th day of December, 2015.

6

7                                   _____
                                    Robert S. Lasnik
8                                   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER REGARDING McGRANE'S
MOTION FOR SUMMARY JUDGMENT          -8-