UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
STEVEN KALMANOVITZ,                     )
                                        )   No. C14-1224RSL
            Plaintiff,                  )
                                        )   ORDER GRANTING IN PART
      v.                                )   PLAINTIFF'S MOTION FOR
                                        )   SUMMARY JUDGMENT
DANIEL STANDEN, *et al.*,               )
                                        )
            Defendants.                 )
_____)

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment." Dkt. # 37. Plaintiff alleges that he was owed back wages, benefits, and reimbursable expenses at the time his employer, Advanced Interactive Systems, Inc. ("AIS"), filed for Chapter 7 bankruptcy protection. He seeks summary judgment on his Washington Rebate Act claim against four former officers/directors of AIS in the principal amount of $291,450.01 plus exemplary damages, costs, fees, and interest.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the trier of fact genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable fact finder could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties and taking the evidence in the light most favorable to defendants, the Court finds as follows:

**A. Statement of Facts**

Plaintiff ran AIS until he was replaced as CEO and President by defendant David McGrane on May 15, 2012. Plaintiff's annual salary had been $350,000 a year, but when AIS ran into financial difficulties in 2009, plaintiff took a pay cut and agreed to defer portions of his salary.[1] Shortly after his ouster, plaintiff requested that AIS pay the back wages it owed. At the time, AIS had secured an additional multi-million dollar investment from its secured lender, Kayne Anderson Mezzanine Partners ("KAMP"), which was more than enough to resolve all

---

[1] In 2010, plaintiff's salary was reduced to $250,000. After plaintiff was replaced as President and CEO, he was paid $50,000 per year for his service on AIS' Board of Directors.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT        -2-

outstanding payroll demands. Defendants, all of whom were members of AIS' Board of Directors, were apprised of the deferrals and the demand. Neither they nor AIS disputed plaintiff's claim. Defendants were concerned, however, that KAMP, which believed that plaintiff was responsible for AIS' financial problems, would object to a payment to plaintiff.

Despite repeated demands for payment, none was forthcoming. Instead, the Board authorized defendants Daniel Standen and Zechariah Clifton Dameron IV to negotiate a separation agreement to resolve the claim for back wages. In December 2012, AIS collected on certain outstanding accounts. Michael Allen, the CFO, notified defendant McGrane that:

> I think that we should be looking to address not only all of the outstanding expenses, but also all of the deferred payroll.
>
> We have the funds to pay these items at the moment and whilst it is absolutely the right of Sciens[2] and Kayne to choose to reject offers to buy the company and to pursue better offers, I do not believe that they have the right to fund the company whilst doing this by holding back employees' pay without their consent.

Decl. of Mario Bianchi (Dkt. # 39), Ex. I. McGrane directed Allen to put aside the money necessary to pay all deferred compensation claims, including plaintiff's. During January and February 2013, the Board considered the deferred payroll issues and – having excluded plaintiff from the discussion – ultimately decided to pay everyone but plaintiff. Although McGrane hoped a negotiated resolution of plaintiff's claim could be achieved and continued to sequester funds for that purpose, all four individual defendants voted in favor of not paying plaintiff his wages.

AIS' finances continued to deteriorate. Neither Sciens nor KAMP appeared willing to inject additional capital in the company. Although plaintiff, Standen, and Dameron reached an agreement in principle to resolve plaintiff's deferred compensation claim, it was not reduced to writing before KAMP declared AIS in default and seized control of AIS' bank accounts. For approximately eight days, AIS could no longer pay anyone's wages, much less deferred

---

[2] Sciens Capital Management LLC was AIS' largest private equity investor.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT            -3-

compensation or a severance package for plaintiff. One day after its accounts were frozen, the Board of Directors wrote to KAMP requesting that payroll funds be released and notifying the lender that if funds were not made available, the Board would have to terminate the company's employees. By the time KAMP authorized payroll payments and released its exclusive control over AIS' accounts, there were competing wage claims and the money that had been set aside to pay plaintiff's deferred compensation claim was used to make payroll.

Still believing that KAMP could be forced to provide additional financing in order to safeguard its investment, the Board – including plaintiff – decided to continue operations and did not immediately terminate AIS' employees. Nevertheless, at the end of February the Board unanimously voted to prepare AIS for a Chapter 7 bankruptcy filing. The Board requested additional financing from KAMP, setting forth strategic options for maximizing AIS' value for shareholders. On March 1, 2013, KAMP refused. Two days later, defendant John Rigas' resignation from the Board was announced, effective February 27, 2013. The remaining Board members resolved to discontinue AIS' operations and terminate all employees who were not involved in the Chapter 7 filing. Defendant McGrane resigned from the Board after the meeting on March 3, 2013.

The Board, now consisting of only Standen, Dameron, and plaintiff, continued meeting and, on March 14, 2013, allocated AIS' last dollars to payroll expenses, less vacation and holiday time. Plaintiff did not receive any part of this allocation. The last remaining Board members resigned. On March 16, 2013, Allen, as part of the "Clean-up Team," sent plaintiff an accounting of amounts due ($244,855.72 in deferred compensation, $6,393.47 in unpaid wages, and $39,141.58 in unreimbursed business expenses) and a termination letter. The latter was dated March 4, 2013, and noted that plaintiff's final paycheck was due on March 15, 2013.

**B. Conclusions of Law**

Under Washington law, "[a]ny . . . officer, vice principal or agent of any employer . . . who . . . [w]ilfully and with intent to deprive the employee of any part of his or her wages, shall

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT         -4-

pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" "shall be liable in a civil action by the aggrieved employee . . . for twice the amount of the wages unlawfully . . . withheld . . . together with costs of suit and a reasonable sum for attorney's fees . . . ." RCW 49.52.050 and RCW 49.52.070. As more fully discussed in the "Order Regarding McGrane's Motion for Summary Judgment" (Dkt. # 74) and/or the "Order Regarding Sciens Defendants' Motion for Summary Judgment" (Dkt. # 75), the Court finds that defendants are officers, vice principals and/or agents of AIS for purposes of the Wage Rebate Act ("WRA"), "wages" recoverable under the WRA include monies owed to the employee as reimbursement for allowable business expenses, plaintiff has not waived or otherwise released his claim for wages, each defendant is liable for the failure to pay amounts that were due and owing to plaintiff at the time the defendant resigned from AIS, and plaintiff's claims are not barred by the statue of limitations. The Court also finds that there is no genuine dispute regarding the following facts:

- the named defendants had the power to and actually controlled the decision to withhold plaintiff's wages;
- the decision to withhold plaintiff's wages was wilful and intentional;
- defendants are individually liable for their wilful and intentional conduct despite the fact that the failure to pay wages was achieved through collective Board action;
- plaintiff did not deliberately or intentionally defer to the employer the decision of whether his deferred compensation would ever be paid and did not otherwise knowingly submit to the wage deprivation; and
- plaintiff was damaged by the nonpayment of wages, there being no evidence that the trustee would have exercised his discretion to avoid a transfer to plaintiff.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT              -5-

**C. Damages**

Pursuant to company policy and RCW 49.48.010, plaintiff had no right to cash out unused vacation days or to wages for his final pay period until the next regular pay date after termination. The evidence shows that those wages became due and owing on March 15, 2013, by which time all of the defendants had resigned from AIS. Defendants could not have unlawfully withheld that which was not yet due: none of them, therefore, has any liability for plaintiff's vacation compensation or wages accrued during the final pay period.

With regards to defendants Rigas and McGrane, their liability for on-going wage accrual ended on February 27, 2013, and March 3, 2013, respectively. It is not entirely clear from the record whether there were any unpaid wages prior to the final pay period or whether plaintiff was paid on a monthly or bi-weekly schedule as a member of the Board of Directors. Regardless, Rigas and McGrane can be liable for unpaid wages only through the last pay date before their resignations.

There is no genuine dispute regarding the amount of deferred compensation ($244,855.72) or unreimbursed business expenses ($39,141.58). Failla v. FixtureOne Corp., 181 Wn.2d 642, 656-57 (2014).

**D. Prejudgment Interest**

Defendants cite three Washington Court of Appeals cases for the proposition that prejudgment interest is not recoverable where a statute provides for punitive or exemplary damages. Morbeck v. Kirlan Venture Capital, 2003 WL 21689988, at * 12-13 (Wn. App. July 21, 2003); JDFJ Corp. v. Int'l Raceway, Inc., 97 Wn. App. 1, 10 (1999); Ventoza v. Anderson, 14 Wn. App. 882, 897 (1976). Morbeck and JDFJ rely on Ventoza, which in turn relies on the Washington Supreme Court's analysis in Blake v. Grant, 65 Wn.2d 410 (1964).

In Blake, the trial court allowed prejudgment interest in a timber removal case on both the compensatory and punitive portions of the damage award. Defendants appealed. The Supreme Court noted that the rationale for awarding prejudgment interest is to compensate plaintiff for the

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT            -6-

deprivation of the use of or proceeds from his property and that "we have consistently allowed the recovery of interest where it was asked . . . ." 65 Wn.2d at 412-13. Where statutory or exemplary damages are awarded, however, the compensatory goal is missing: "interest is generally disallowed on punitive claims." 65 Wn.2d at 13. Appellants' counsel had assigned error to the award of interest in its entirety and had not attempted to distinguish between the interest allowed on the compensatory award and the interest allowed on the punitive portion of the award. In light of that failure and the fact that "the amount involved is very small," the Supreme Court simply affirmed the award of prejudgment interest. 65 Wn.2d at 13.

A federal court sitting in diversity begins with the pronouncements of the state's highest court, which are binding. McKown v. Simon Prop. Group, Inc., 689 F.3d 1086, 1091 (9th Cir. 2012). The Blake court affirmed the award of prejudgment interest in a case, such as this, involving both compensatory and punitive components of the award.[3] Nevertheless, it made clear that – had the issue been properly presented – it would have overturned that portion of the award that served no compensatory purpose, namely the interest awarded on the punitive damage award. Thus, the Court finds that plaintiff is entitled to prejudgment interest under Washington law only on the compensatory half of the damage award.

For all of the foregoing reasons, plaintiff's motion for summary judgment (Dkt. # 40) is GRANTED in part. Defendants are jointly and severally liable for deferred compensation in the amount of $244,855.72, unreimbursed business expenses in the amount of $39,141.58, and unpaid wages (if any) through the last pay date prior to February 27, 2013. Because plaintiff's claim for unpaid wages is temporally limited, the parties shall meet and confer to determine whether there are any unpaid wages for which one or more of the defendants is liable under the

---

[3] The Ventoza court failed to acknowledge or appreciate this fact, instead latching onto the statement that "interest is generally disallowed on punitive claims" and barring an award of interest on both compensatory and punitive damages.

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT           -7-

analysis set forth in Section C and the amount thereof. Defendants are also liable for pre-judgment interest on the compensatory portion of the award, plus exemplary damages of twice the amount of wages withheld. The parties shall present an agreed form of judgment (or further briefing regarding the unpaid wages calculation) within twenty one days of the date of this Order. Plaintiff's claim for unused vacation pay is DISMISSED.

Dated this 3rd day of March, 2016.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT             -8-